IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:96CR3058 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| HENRY R. VALDEZ, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

     On August 19, 2013, Henry R. Valdez (Valdez) filed a Motion to Vacate Under 28 U.S.C. § 2255. (Filing No. 113.) Valdez makes one claim.

     On November 5, 1997, Valdez was sentenced to 175 months in prison for bank robbery followed by 120 months imprisonement for using a short-barreled shotgun in violation of 18 U.S.C. § 924(c)(1). The jury found that Valdez was guilty of bank robbery and the firearm charge. I found at sentencing that the firearm was short-barreled. My fact finding on the weapon bumped the statutory minimum consecutive sentence to 120 months rather than 60 months. A direct appeal was taken but denied on June 29, 1998. Save for the pending motion, no other section 2255 motion has been filed. Therefore, Valdez's case has long been final.

     Relying upon *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (a fact that increases a statutory minimum sentence from a mandatory minimum lower sentence to a mandatory minimum higher sentence must be found by a jury), Valdez argues that the increase in the statutory minimum from 5 years to 10 years on the firearm conviction must be set aside and the sentence reduced because *Alleyne* requires that

a jury make the finding that the weapon was a short-barreled shot gun. Valdez is not entitled to relief.

First, Valdez's § 2255 motion is untimely under the one-year limitation period found in 28 U.S.C. § 2255(f). An exception under 28 U.S.C. § 2255(f)(3) for a new right declared by the Supreme Court applies only when "that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Such a declaration of retroactivity must come from the Justices, and that has not occurred. *See*, *e.g.*, *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013). Second, *Alleyne* is an extension of the *Apprendi* line of cases. The Justices have decided that rules based on *Apprendi* are not retroactive, and this implies that the Court will not make *Alleyne* retroactive.[1] *Id.* (citations omitted). Thus, the motion will be denied.

Furthermore, for the reasons set forth in this memorandum and order denying Valdez's § 2255 motion, I conclude that he has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Therefore, I find, conclude, and recommend that a certificate of appealability should not be issued.

IT IS ORDERED that the Motion to Vacate Under 28 U.S.C. § 2255 (Filing No. 113) is denied and dismissed with prejudice. No certificate of appealability will be issued by the undersigned. A separate judgment will be issued.

DATED this 11th day of September, 2013.

---

[1] Indeed, this case presents an example of why the Court should not make *Alleyne* retroactive. The weapon was destroyed, pursuant to court order, on November 23, 1999, more than one year after it became final after the direct appeal. (Filing No. 106.)

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.